■ M. B. I. Export & Import, Ltd., Appellant, v. Excelsior Insurance Company of New York, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ The People of the State of New York, Respondent, v. Edward Guber, Known as Edward H. Gould, Alias George Jackson, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ In the Matter of 784 Park Avenue Corporation, Respondent, against Charles Abrams, as State Rent Administrator, Respondent, and Paul Polsky, Appellant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the proceeding dismissed. The determination of the Rent Administrator was warranted and should not have been annulled by the Special Term. Concur — Peck, P. J., Rabin, Cox and Bergan, JJ.

■ John Trainor et al., Respondents, v. City of New York et al., Appellants.— The agreement between petitioners and City of New York did not provide the petitioners were to receive any fixed number of days of vacation time. Nor did it provide that they would have the same number of vacation days that they had been allowed prior to the agreement. The agreement called merely for "vacation with pay benefits in the same manner and on the same basis heretofore in use in the Department". The testimony was clear as to what that basis was. It was four weeks and one day in every instance. The twenty-five days' vacation received by the petitioners was arrived at on that same basis — having worked six days a week they received twenty-four days for four weeks plus the one day. Applying the same basis of computation to petitioners in their present employment the allowance would be twenty days for four weeks (consisting of five work days each), plus cne day. In the circumstances the judgment is unanimously reversed and a declaratory judgment is directed to be entered declaring that petitioners are entitled to an annual vacation allowance of four weeks, plus one day, i.e., twenty-one work days. Settle order on notice. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ The People of the State of New York, Respondent, v. William Trystman, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Cox and Bergan, JJ.

■ In the Matter of Guilford Management Co. Inc., Appellant, against Joseph D. McGoldrick, as State Rent Administrator et al., Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. It has not been established that there has been a change in tenancy with respect to apartment 5E. Accordingly, the apartment is not subject to decontrol under the provisions of paragraph (g) of subdivision 2 of section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd.), so long as the tenant continues in occupancy. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ The People of the State of New York, Respondent, v. Roy Cooper, Appellant.— Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ Esther Traversaro, Appellant, v. Ernest Pinelli et al., Respondents. — Judgment unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ Max Mencher, Appellant, v. Harry Cooper et al., Respondents.— Judgment and order unanimously affirmed, with costs. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.

■ The People of the State of New York, Respondent, v. Frank Toomey, Appellant.— Judgment unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Rabin, Cox and Bergan, JJ.